UNITED STATES, PLAINTIFF *v.* HITACHI AMERICA, LTD., AND HITACHI, LTD., DEFENDANT

Court No. 93–06–00373

(Dated June 21, 1995)

ORDER

At a hearing in the Court on April 14, 1995, held, in part, to consider certain discovery demands of Defendants, which demands were refused by Plaintiff on various grounds, *i.e.,* confidentiality, "work product," *etc.,* the Court offered to review the disputed documents *in camera* for the purpose of ascertaining whether the asserted defenses against production were valid and appropriate. Plaintiff submitted to the Court, on around May 1, 1995, five loose leaf binders, weighing approximately 42 pounds and containing an estimated 3500 pages, and in addition one audio tape.

Two of the five volumes were titled Confidential Redacted [*sic*] documents. Many of these documents were radically "redacted," that is to

say, consisted of blank pages. For example, one such document, titled "Case Chronology & Review Form" consists of seventeen pages, all completely blank. The Court being unable to discern any confidentiality from these wholly specious *"in camera"* offerings, finds that the documents are not entitled to confidentiality and must be disclosed to Defendant **in wholly unredacted form.** The same is true for all of the so-called redacted documents. The *only* permissible redactions will be home addresses and telephone numbers of individuals.

With respect to the three volumes of unredacted "confidential" papers, the only documents found to be privileged are the few letters of counsel to client. The alleged confidentiality of "work product" of the U.S. Customs Service and Treasury Department employees is denied.

The Court notes with disapprobation the attempt by Plaintiff to swamp the Court with volumes of paper and unfounded and capricious assertions of privilege and frivolous allegations of lack of relevance. For example, a letter from Plaintiff's counsel to Defendant's counsel-obviously already in the possession of Defendant-is among the documents withheld as "privileged." The Court will not continue to countenance these obfuscatory tactics, nor the attempt to litigate and hold hearings on every scrap of documentation. This matter has been marked by intransigence and confrontational tactics from the beginning: it *shall* cease, and the parties shall move forward with appropriate and efficient preparation for trial. Failure to do so may well result in appropriate sanctions. It is hereby

ORDERED that all "redacted" documents submitted to the Court shall be turned over to Defendants, and the Court, in unredacted form, except for home addresses and telephone numbers of individuals; all other allegedly confidential documents with the exception of letters to and from counsel shall be disclosed to Defendant in unredacted form. Such disclosures shall be completed within thirty calendar days of the date of the Order, and the Court shall be notified in writing of compliance therewith.

Upon consideration of Plaintiff's Motion for Reconsideration of Motion to Compel and Plaintiff's Motion for Oral Argument thereon; and upon consideration of Defendant's Motion to Strike, it is hereby

ORDERED that Plaintiff's Motion for Reconsideration is denied. Oral argument on Defendant's Motion to Strike is rescheduled for July 6, 1995, at 10:00 a.m., Courtroom 2, at the United States Court of International Trade.